**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| SURFACE AMERICA, INC.,<br><br>**Plaintiffs,**<br><br>**v.**<br><br>UNITED SURETY & INDEMNITY COMPANY,<br><br>**Defendant.** | **CIVIL NO.** 11-1722 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Plaintiff Surface America, Inc. ("Surface"), brings a suit alleging the breach of a payment bond contract by defendant United Surety & Indemnity Company ("USIC"), a Puerto Rico corporation. (See Docket No. 1.) Before the Court are the motion to dismiss and the motion for summary judgment filed by defendant. (Docket No. 10.) For the reasons set forth below, defendant's motion to dismiss is **GRANTED** and its motion for summary judgment is deemed **MOOT**.

**DISCUSSION**

**I. Background**

On an unspecified date, the Public Housing Administration of Puerto Rico ("the Administration") entered into a contract with

[1] Jared Killeen, a second-year student at Brooklyn Law School, assisted in the preparation of this Opinion and Order.

contractor Equipex International, Inc. ("Equipex"), in which the latter agreed to build playgrounds on a number of sites overseen by the Administration.[2] (See Docket No. 1.) On November 2, 2009, contractor Equipex entered into a subcontract with plaintiff Surface, a New York-based firm, by which plaintiff would supply and install nearly 40,000 square-feet of rubber floors in six of the Administration's sites. (Docket No. 1 at ¶ 4.) The subcontract between contractor Equipex and plaintiff Surface included the following provision: "Should Contractor [Equipex] fail to make payment in full within payment terms, Subcontractor [Surface] shall be entitled to recover all collection costs, including but not limited to *court costs and legal fees*, incurred by Subcontractor [Surface] as a result thereof." (Docket No. 1, Exhibit I, Article 7.) (emphasis added.)

On October 7, 2009, contractor Equipex obtained from defendant USIC a payment bond contract "in order to guarantee, among other things, payment by Defendant [USIC] to subcontractors" upon completion of the project. (Docket No. 1 at ¶ 5.) The payment bond contract provides that in the event contractor Equipex is unable to pay its subcontractors, defendant USIC shall "make payments to all persons supplying labor and material and in the

[2] Neither plaintiff nor defendant has included a copy of this contract in its submissions to the Court.

prosecution of the work provided for in said contract . . . ” (Docket No. 1, Exhibit II.) Nowhere does the payment bond contract mention the subcontract between plaintiff Surface and contractor Equinex; nor does it provide that plaintiff Surface is entitled to recover court costs or legal fees directly from defendant USIC.

Work on the project commenced in November 2009, and was completed sometime in December 2010. (Docket No. 1 at ¶ 6.) According to the subcontract between plaintiff Surface and contractor Equipex, “Contractor [Equipex] shall pay Subcontractor [Surface] within 5 (five) days of Contractor [Equipex]’s receipt of payment from Owner [the Administration]. If payment from Owner [the Administration] is not received by Contractor [Equipex] through no fault of Subcontractor [Surface], Contractor [Equipex] shall make payment to Subcontractor [Surface] within 30 (thirty) days after a location reaches substantial completion, whichever comes first.” (Docket No. 1, Exhibit I, Article 7.) On March 8, 2010, approximately three months after work had been completed, plaintiff Surface sent a letter to defendant USIC explaining that contractor Equipex had failed to make payment on $350,557.65 still owed to plaintiff. (Docket No. 1, Exhibit III.) Sometime before March 31, 2010, contractor Equipex made a partial payment to plaintiff Surface in the amount of $250,000.00. (Docket No. 1 at ¶ 15.) Plaintiff Surface then sent a letter to defendant USIC

demanding payment of the remaining $130,557.65 still owed by Equipex. Id. On April 7, 2010, defendant USIC responded, indicating that it had closed plaintiff's claim without payment. (Docket No. 1 at ¶ 16.) Plaintiff Surface sent another letter to defendant USIC, on April 26, 2010, stating that it had received from Equipex a second partial payment of $65,278.83. In the same letter, plaintiff Surface suggested that if defendant USIC were to make the remaining and final payment of $65,278.82, plaintiff Surface would forgo any claim against defendant. (Docket No. 1 at ¶ 18.) Defendant USIC declined to accept this offer and did not make payment. Throughout June 2010, plaintiff Surface issued several insistent demands for payment of the remaining balance, all of which were rebuffed by defendant USIC. (Docket No. 1 at ¶¶ 19-21.) Finally, on August 13, 2010, plaintiff Surface made one last attempt through its attorney to obtain payment from defendant. (Docket No. 1 at ¶ 22.) This attempt was rebuffed by defendant USIC on October 4, 2010. (Docket No. 1 at ¶ 23.)

Plaintiff Surface now brings suit against defendant USIC for damages arising from two separate causes of action. (See Docket No. 1.) The first, a breach-of-contract claim, calculates damages of $65,278.82 pursuant to defendant's payment bond contract with contractor Equipex. Id. at ¶ 19. The second claim, predicated on defendant's "negligent attitude . . . in regards to the payment of

this debt," calculates damages of $14,941.72 in "costs, interest and attorney's fees." Id. at ¶ 25. Plaintiff seeks to establish jurisdiction on grounds of diversity, pursuant to 28 U.S.C. § 1332(a) (section 1332(a)), by aggregating the outstanding payment of $65,278.83 with the $14,941.72 in attorney's fees. (Docket No. 1 at p. 1 & ¶ 25.) Simple addition reveals $80,220.02 in total damages.

Defendant USIC has filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)"),[3] arguing that federal jurisdiction is lacking because plaintiff's claim fails to meet the minimum amount-in-controversy stipulated by section 1332. (Docket No. 10 at pp. 2-3.) Defendant does not ardently contest the breach-of-contract claim; in fact, at several points in its motion to dismiss, defendant nearly *admits* to owing the sum of $65,278.83. (Docket No. 10 at pp. 3 & 6.) Defendant does, however, ferociously contest the second cause of action. Defendant alleges that plaintiff is forbidden from seeking attorney's fees as part of its damages, and therefore that plaintiff's amount in controversy consists only of $65,278.83, well below the $75,000.00 requirement. Id. Defendant has also filed a

---

[3] Defendant neglects to cite Rule 12(b)(1) in its motion; nonetheless, this rule governs a motion to dismiss based on lack of subject-matter jurisdiction.

motion for summary judgment, arguing that disputes concerning "tax obligations and payment of worker's compensation insurance" remain unresolved between plaintiff Surface and contractor Equipex; that until these disputes are addressed by both parties, "the amount that might be due [plaintiff] Surface is not certain"; and, therefore, that plaintiff Surface has failed to include an indispensable party (Equipex) in its suit.[4] (Docket No. 10 at pp. 6-9.)

On October 3, 2011, plaintiff filed an opposition to defendant's motions. (See Docket No. 11.) Plaintiff challenges defendant's assertion that parties are typically prohibited from seeking attorney's costs as part of damages. (Docket No. 11 at pp. 1-4.) Without citing a shred of case law, but presumably relying on Supreme Court precedent explicated by Judge Easterbrook of the Seventh Circuit Court of Appeals,[5] plaintiff draws a distinction between fees incurred *before* filing a complaint ("damages"), and fees incurred *after* filing a complaint ("costs").

---

[4] Although compelling, defendant's argument for summary judgment refers to neither statutory standard nor case law. The Court politely directs defendant's attention to Fed.R.Civ.P. 12(b)(7), and suggests that, in this case, a motion for summary judgment might be better recast as a motion to dismiss pursuant to Rule 12(b)(7): failure to join a party under Rule 19.

[5] See Mo. State Life Ins. Co. v. Jones, 290 U.S. 199 (1933); Hart v. Schering-Plough Corp., 253 F.3d 272 (7th Cir. 2001); Gardynsji-Leschuck v. Ford Motor Co., 142 F.3d 955 (7th Cir. 1998).

(Docket No. 11 at p. 2.) Plaintiff concedes that attorney's costs incurred during litigation are off limits. But plaintiff argues that its attorney's fees were accrued *before* it filed a claim against defendant, and therefore that its pre-claim costs are "damages caused by the defendant[] by failing to abide by the bond contact." (Docket No. 11 at p. 3.) Plaintiff believes this alone justifies strapping $14,941.72 to its amount in controversy. As will be discussed presently, plaintiff's argument is unavailing.

## II. Standard of Review: 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Pursuant to Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts are bound to construe jurisdictional grants narrowly. See e.g., Hawes v. Club Ecuestre El Comandante, 598 F.2d 698, 701 (1st Cir. 1979); Alicea-Rivera v. SIMED, 12 F.Supp.2d 243, 245 (D.P.R. 1998). The party asserting federal jurisdiction has the burden of proving its existence by the preponderance of the evidence. See Bank One, Texas, N.A. v. Montle, 964 F.2d 48, 50 (1st Cir. 1992); O'Toole v. Arlington Trust Co., 681 F.2d 94, 98 (1st Cir. 1982). The Court must treat "well pleaded facts as true and draw[] all reasonable inferences in favor of plaintiff." Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). When deciding whether to dismiss a complaint for lack of

subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

**III: DISCUSSION: THE AMOUNT IN CONTROVERSY**

Defendant challenges the Court's subject matter jurisdiction based on plaintiff's alleged failure to meet the amount in controversy required for diversity jurisdiction. (Docket No. 10 at pp. 1-6.) A district court has original jurisdiction of all civil actions between citizens of different states where the matter in controversy exceeds the sum of $75,000.00. § 1332(a). "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18. "[T]he Supreme Court's longstanding test for determining whether a party has met the amount-in-controversy minimum [is] 'that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (citing St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283 (1938)). "[A] plaintiff's general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party or the court." Spielman, 251 F.3d at 5. When challenged by a defendant, however, the total amount in

controversy becomes "whatever is required to satisfy the plaintiff's demand, in full, on the date the suit begins." Hart, 253 F.3d at 274. "Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction." Gardynski-Leschuck, 142 F.3d at 958.

As a general matter, section 1332(a) stipulates that the amount in controversy exceed $75,000.00 "exclusive of interests and costs." Typically, attorney's fees constitute exactly the sort of "costs" precluded by section 1332(a). "[A]ttorney's fees are excluded from amount-in-controversy determination because 'the successful party does not collect his attorney's fees in addition to or as part of the judgment.'" Spielman, 251 F.3d at 7 (quoting Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir. 1979)). Nonetheless, the Supreme Court has recognized that attorney's fees may count toward the amount in controversy when the prevailing party is entitled to recover them as damages. Id. (citing Jones, 290 U.S. 199). Expanding upon this principle, the Seventh Circuit Court of Appeals has upheld a distinction between attorney's fees as "costs" and attorney's fees as "damages." The former, accrued during litigation, are precluded by section 1332(a); the latter, which accrue before the filing of a claim, may count toward the amount in controversy. See Hart, 253 F.3d at 274; Gardynsji-Leschuck, 142 F.3d at 958.

Plaintiff contends that its attorney's fees should be considered "damages" pursuant to section 1332(a). Plaintiff reasons that simply because it accrued attorney's fees before filing a claim against defendant, these fees automatically constitute damages. (Docket No. 11, p. 3.) But this argument rests on a misreading of the above principles. Fatally, plaintiff fails to consider whether or not it is *entitled* to recover attorney's fees as damages. See Gardynski-Leschuck, 142 F.3d at 958 (citing Jones, 290 U.S. 199). As the Supreme Court has made clear, the distinction between "damages" and "costs" depends not only on timing, but on governing law. Hart, 253 F.3d at 274. The distinction is permissible only when a particular law entitles the plaintiff to include attorney's fees in the amount in controversy. Id.

The First Circuit Court of Appeals has abided by similar principles. It has held that attorney's fees are typically excluded from amount-in-controversy determinations. Spielman, 251 F.3d at 7 (quoting Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir. 1979)). Because attorney's fees are generally not recoverable, "the party claiming a right to federal jurisdiction in some manner must demonstrate entitlement under contract or statute to the recovery of such fees." Dep't. of Recreation & Sports of Puerto Rico v. World Boxing Ass'n., 942 F.2d 84, 89 (1st Cir.

1991). Indeed, in Spielman, the First Circuit Court of Appeals recognized only two exceptions to the rule excluding attorney's fees: (1) when the fees are provided for by contract, and (2) when a statute mandates or allows payment of fees. Spielman, 251 F.3d at 7 (quoting Velez v. Crown Life Ins. Co., 599 F.2d 471, 474 (1st Cir. 1979)). As the Court explains below, neither of these exceptions applies to this case, and plaintiff is not entitled to recover attorney's fees.

**A. Exception One: Fees Provided for by Contract**

The first exception to the Spielman rule arises when a contract provides for attorney's fees. Id. In its complaint, plaintiff points to a provision in Article 7 of its subcontract with Equipex stating, "[s]hould Contractor [Equipex] fail to make payment in full within payment terms, Subcontractor [Surface] shall be entitled to recover all collection costs, including but not limited to *court costs and legal fees*, incurred by Subcontractor [Surface] as a result thereof." (Docket No. 1 at ¶ 11.) (emphasis added.) Plaintiff evidently believes that this provision is imported into the bond contract between contractor Equipex and defendant USIC, and therefore that USIC is also liable for payment of plaintiff's attorney's fees. (Docket No. 1 at ¶¶ 9-11.) This line of reasoning is severely flawed.

Because this case concerns several contracts,[6] it is unreasonable to assume that a provision in one contract automatically carries over to another. Indeed, the First Circuit Court of Appeals has held that in a case concerning many contracts, a surety such as the USIC is "bound only by the contract it made – nothing else." American Radiator & Standard Sanitary Corp. v. Maryland Cas. Co., 374 F.2d 839, 841 (1st Cir. 1967). To determine the obligations of a surety, then, the Court must examine "the surety's contract (the bond)." Id. Moreover, it is well established that "a bond and the contract which it was written to guarantee should be read together when the bond makes appropriate reference to the contract." In re Sinking of M/V Ukola, 806 F.2d 1, 4 (1st Cir. 1986) (citing Mass. Bonding & Ins. Co. v. Feutz, 182 F.2d 752, 756-757 (8th Cir. 1950)). Therefore, in addition to the bond contract between Equipex and USIC, the Court may examine the original contract between Equipex and the Administration. As has been noted already, however, neither party has submitted this contract for the consideration of the Court. The Court must therefore limit its analysis to the bond contract between contractor Equipex and defendant USIC.

---

[6] Of relevance are (1) the subcontract between plaintiff Surface and contractor Equipex, (2) the contract between contractor Equipex and the Administration, and (3) the payment bond contract between contractor Equipex and defendant USIC.

As a general matter, bond contracts "are subject to the same rules of construction as other contracts." St. Paul Fire & Marine Ins. Co. v. VDE Corp., 603 F.3d 119, 122 (1st Cir. 2010) (quoting In re Sinking of M/V Ukola, 806 F.2d at 4) (citations omitted). Under Puerto Rico law, if the text of a bond contract is clear, the courts should adhere to the text. Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 31-32 (1st Cir. 2004). The payment bond contract at issue here states that when contractor Equipex is unable to pay its subcontractors, defendant USIC shall "make payments to all persons supplying labor and material and in the prosecution of the work provided for in said contract . . . " (Docket No. 1, Exhibit II.) Nowhere does the payment bond contract mention the subcontract between plaintiff Surface and contractor Equipex; nor does it provide that plaintiff is entitled to recover attorney's fees directly from defendant USIC. In fact, the absence of a legal-fee provision in the USIC payment bond contract (and the presence of this provision in the Equipex subcontract), "sensibly reflects the different obligations" assumed by defendant USIC and contractor Equipex in their respective contracts. See St. Paul Fire & Marine Ins. Co., 603 F.3d at 123.

Because the text of the payment bond contract is unambiguous in its terms, and because these terms lack a legal-fee provision, the first exception to the Spielman rule is

inapplicable. This is not to say that plaintiff is barred from suing defendant in local court for the $65,278.82 still owed it by Equipex. The First Circuit Court of Appeals has held that "[w]here a surety for a contractor on a construction contract agrees in terms with the owner that the contractor will pay for labor and materials, or guarantees to the owner the promise of the contractor to pay for labor or materials, those furnishing labor or materials have a right against the surety as third party beneficiaries of the surety's contract, unless the surety's contract in terms disclaims liability of such persons." American Radiator & Standard Sanitary Corp., 374 F.2d at 841 (quoting the Restatement of Security § 165 (1941)). It is clear, however, that plaintiff lacks a contractual basis for seeking reimbursement of attorney's fees from defendant USIC.

**B. Exception Two: Fees Provided by Statute**

The second exception to the Spielman rule arises when attorney's fees are provided for by statute. Spielman, 251 F.3d at 7. Plaintiff fails to cite a single relevant statute in its complaint, which is good reason for the Court to decline further review of this issue. Dep't. of Recreation & Sports of Puerto Rico v. World Boxing Ass'n., 942 F.2d 84, 89 ("there is no duty on the part of the trial court . . . to create a claim which [plaintiff] has not spelled out in his pleading") (quoting Clark v. National

Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)). Nonetheless, the Court directs plaintiff's attention to P.R. Laws Ann. tit. 32, § 44.1(d) (1979) ("Rule 44.1(d)"), which provides "[i]n the event any party or its lawyer has acted obstinately or frivolously, the court shall, in its judgment, impose on such person the payment of a sum of attorney's fees which the court decides corresponds to such conduct." Under Rule 44.1(d), a reasonable estimate of attorney's fees may be included in determining whether the jurisdictional minimum amount in controversy is satisfied in federal diversity cases. Dep't. of Recreation & Sports of Puerto Rico, 942 F.2d at 90; see Sainz Gonzalez v. Banco de Santander-Puerto Rico, 832 F.2d 999 (1st Cir. 1991); Sarnoff v. American Home Products Corp., 798 F.2d 1075 (7th Cir. 1986). Even were plaintiff to invoke Rule 44.1(b), however, its claim for attorney's fees would not pass muster because plaintiff fails to show that defendant acted obstinately.

A party is obstinate pursuant to Rule 44.1(d) when it engages in actions which (a) make necessary litigation which could have been avoided; (b) prolongs the litigation unnecessarily, or (c) requires the other party to incur expenses in the pursuit of avoidable tasks. Newell Puerto Rico, Ltd. v. Rubbermaid, Inc., 20 F.3d 15 (1st Cir. 1994) (citing Fernandez Mariño v. San Juan Cement Co., Inc., 118 D.P.R. 713, 718-19 (1987); De Leon Lopez v.

Corporacion Insular de Seguros, 931 F.2d 116 (1st Cir. 1991). When making a determination regarding obstinacy, a court may consider whether a litigant has been "unreasonably adamant or stubbornly litigious . . . thereby wasting time and causing the court and the other litigants unnecessary expense and delay." De Leon Lopez, 931 at 126.

It can hardly be argued that by closing plaintiff's claim and denying payment, defendant acted obstinately. Perhaps plaintiff would aver that by denying payment, defendant made necessary litigation which could have been avoided. But defendant has shown good reason for denying payment: not only does it reasonably dispute responsibility for paying plaintiff's attorney's fees, but defendant points to ongoing negotiations between plaintiff and contractor Equipex that have thrown into doubt the sum contractually owed to plaintiff. (Docket No. 10 a pp. 2, 4, 6, 7 & 9.) In no way has defendant acted unreasonably by prompting plaintiff to pursue litigation. Punishing a surety by saddling it with additional attorney's fees simply because it made an informed decision to deny payment would be bad policy indeed. Therefore, the Court declines to find that defendant acted obstinately. It is clear that plaintiff lacks a statutory basis for seeking reimbursement of attorney's fees from defendant USIC.

**IV. CONCLUSION**

For the reasons expressed, the Court **GRANTS the** defendant's motion to dismiss. (Docket No. 10.) Because the motion to dismiss has been granted, the motion for summary judgment is deemed **MOOT.** As the Court has already noted, however, there is no reason that plaintiff cannot pursue a breach-of-contract claim against defendant in local court. For this reason, plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.** Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 15, 2012.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE